# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**SKYLAR BRITTON DYE**                                               **PETITIONER**
**ADC #146794**

**VS.**                      **NO. 5:16-CV-281-DPM-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                          **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

## II. Background

Petitioner Skylar Britton Dye pleaded guilty to three felonies in Sebastian County Circuit Court and was sentenced to 10 years in the Arkansas Department of Correction ("ADC"). (#6-2)  At his plea hearing, Mr. Dye admitted facts supporting all three charges and entered a voluntary plea of guilty to each charge.  (#6-3 at pp. 6-8)

On September 16, 2011, Mr. Dye was paroled from the ADC.  But his parole was revoked on November 15, 2011, and he returned to the ADC.  (#6-4 at pp. 20-21)  At transfer hearings on May 16 and June 23, 2013, and again on September 21, 2014, the Parole Board deferred consideration of a transfer until Mr. Dye could complete the Reduction of Sexual Victimization Program ("RSVP").  (*Id*. at pp. 9, 14, 16)

The RSVP program is offered only at the Ouachita River Unit of the ADC in Malvern, Arkansas.  Mr. Dye was transferred to the Ouachita River Unit and enrolled in the RSVP course twice, but failed to complete the course both times due to disciplinary infractions while he was enrolled in the course.  (*Id*. at p. 7, (entries on April 27 and May 4, 2015) and pp. 10-11 (entries on April 21 and June 5, 2014)).

To be eligible for the RSVP program, an inmate must be in the general population, disciplinary-free for 60 days, and have at least a Class III status.  (#6-6 at p. 2)  At the time Ms. Kelley filed her response to the petition, two inmates housed at the Ouachita River Unit were on Mr. Dye's Offender Separation Alert List.  (#6-7)  Inmates can

participate in the RSVP program even if there are inmates on their Offender Separation Lists.

### III. Petitioner's Claims

In his petition, Mr. Dye claims: (1) requiring him to complete the RSVP violates the Ex Post Facto clause; (2) requiring him to complete the RSVP at the Ouachita River Unit is cruel and unusual punishment because he will be in physical danger from other inmates at the unit who are on his Separation Alert List; and (3) his commitment is unconstitutional, because he never pleaded guilty to distributing, possessing, or viewing a matter depicting sexually-explicit conduct involving a child – one of the three felonies included in the judgment and commitment order.

Respondent contends that Mr. Dye's claims are barred by the applicable statute of limitations; that his second claim is not cognizable in a habeas petition; and that his first and third claims lack merit.  (#6)

### IV. Jurisdiction

Before the Court can address the merits of Mr. Dye's claim, it must have subject-matter jurisdiction.  For his second claim, Mr. Dye asserts that Respondent is subjecting him to cruel and unusual punishment in violation of the Constitution because, if he is transferred to the Ouachita River Unit to complete the RSVP, he could potentially be housed with inmates on his Separation Alert List.  For relief, Mr. Dye asks that the ADC

be required to provide him with a "safe means to comply with the Parole Board stipulations."

Mr. Dye's second claim does not include any allegation that his underlying conviction is invalid or that he is otherwise being denied his freedom from unlawful incarceration– a necessary element in a claim for habeas corpus relief. See *Kruger v. Erickson*, 77 F.3d 1071, 1074 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.")(citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)). Accordingly, the Court lacks subject matter jurisdiction to consider Mr. Dye's second claim.[1]

## V. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, the limitations period begins to run from the later of, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review."

---

[1] If Mr. Dye wishes to bring a claim challenging the conditions of his confinement, he must do so under 42 U.S.C. §1983.

Here, Mr. Dye's third claim– that his commitment is unconstitutional because he never pleaded guilty to one of the three felonies on the judgment and commitment order– became final on March 19, 2010, thirty days after the sentencing order was entered. *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015). Mr. Dye did not file his petition until September 8, 2016, many years after the statute of limitations had expired. There can be no dispute that Mr. Dye's third claim is barred by the statute of limitations. See 28 U.S.C. 2244(d)(1)(A).

By statute, the limitations period for Mr. Dye's first claim began to run from, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The factual predicates for Mr. Dye's claim relating to the completion of the RSVP was discoverable on May 16, 2013, when the parole board first deferred Mr. Dye's transfer until he completed of the RSVP program. The statute of limitations for the claims related to the RSVP requirement expired on May 16, 2014, more than two years before Mr. Dye filed his petition.

A. *Tolling*

The time during which a properly filed application for state post-conviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). Here, however, Mr. Dye did not initiate any state post-conviction proceedings that arguably would have tolled the statute of limitations.

The limitations period in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010). In order to benefit from equitable tolling, a petitioner must show that he has pursued his rights diligently but that some extraordinary circumstances stood in his way and prevented a timely filing. *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).

Here, Mr. Dye does not allege that extraordinary circumstances prevented him from filing a timely habeas petition. He does not point to any action or circumstance attributable to the State – or to any other cause – that prevented him from bringing a timely habeas petition. Consequently, he is not entitled to equitable tolling.

B.   *Actual Innocence*

The United States Supreme Court has held that actual innocence, if proved, serves as a gateway for a petitioner to overcome a statute of limitations bar. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and added that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951–53 (8th Cir.

2011), cert. denied, 133 S.Ct. 137 (2012). Mr. Dye has not come forward with any *new* evidence of actual innocence so as to overcome the expiration of the statute of limitations.[2]

## VI. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if Mr. Dye has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (c)(1)-(2). After carefully considering Mr. Dye's petition and his reply to the response, the Court finds no basis for issuing a certificate of appealability.

## VII. Conclusion

Mr. Dye's petition is time-barred. Accordingly, the Court recommends that his petition for writ of habeas corpus (#1) be DISMISSED, without prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 29th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court agrees that Mr. Dye's claims are barred by the statute of limitations, there is no point in addressing the other arguments raised by Respondent Kelley in her response.